

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 27, 1957

Honorable Robert S. Calvert,
Comptroller of Public Accounts,
Capitol Station,
Austin, Texas

Opinion No. WW-264

Re: Can funds appropriated for
contingent expenses of the
Legislature be expended
for janitorial salaries
and supplies, and other
expenses necessary to con-
trol and maintain the Leg-
islative halls, chambers
and committee rooms of the
State Capitol Building
during the recess of the
Legislature, and related

Dear Mr. Calvert:

questions.

Your request of September 10, 1957 for an opinion
from this office is as follows:

"1. Can funds appropriated for contingent
expenses of the Legislature be expended for
janitorial salaries and supplies, and other
expenses necessary to control and maintain the
Legislative halls, chambers and committee rooms
of the State Capitol Building during the recess
of the Legislature?

"2. During the interim between Legislative
Sessions, can funds appropriated for contingent
expenses of the Legislature be expended to pre-
pare the Legislative halls, chambers and committee
rooms of the State Capitol Building for the use
of the Legislature?

"3. Does Article 667, Vernon's Civil Statutes,
preclude the Legislature from expending funds from
the Legislative Contingent Expense Fund during the
interim between Legislative sessions for janitorial
salaries and supplies and other expenses necessary
to control and maintain the Legislative halls,
chambers and committee rooms of the State Capitol
Building?

"4. Does Article 667, Vernon's Civil Statutes, preclude the Legislature from expending funds from the Legislative Contingent Expense Fund during the interim between Legislative sessions to prepare the Legislative halls, chambers and committee rooms of the State Capitol Building for the use of the Legislature?"

The Contingent Expense Fund is provided for in Senate Bill 1, Acts 55th Legislature, Regular Session, Chapter 1, page 1; the pertinent sections in regard to your inquiry read as follows:

"Section 1. There is hereby appropriated out of any funds in the State Treasury not otherwise appropriated, the sum of Two Million, Three Hundred Thousand ($2,300,000.) Dollars or so much thereof as may be necessary, to pay the contingent expenses and to pay the mileage and per diem of members and the per diem of officers and employees of the Regular Session of the 55th Legislature, and to pay any unpaid accounts of the 54th Legislature, and to pay any unpaid accounts or additional expenses of the Lieutenant Governor while acting as Governor; and to pay the expenses of moving out of space needed by the 55th Legislature in the State Capitol Building any State departments or agencies now occupying same, and of any rentals for temporary offices of equipment and utilities therefor, which may be needed by such removed State department or agencies.

"Sec. 2. The certificate of the Chief Clerk of the House of Representatives approved by the Speaker thereof, or the certificate of the Secretary of the Senate approved by the President of the Senate, shall be sufficient evidence to the Comptroller upon which to audit the claims for mileage and per diem of members, and the salaries and per diem of officers and employees of the 55th Legislature, and the unpaid accounts or additional expenses of the Lieutenant Governor while acting as Governor; and the Comptroller shall issue the necessary warrants for same upon the Treasury of the State of Texas.

"Sec. 3. The Certificate of the Chairman of the Committee on Contingent Expenses of the House of Representatives, approved by the Speaker of the House, or the certificate of the Chairman of the Committee on Contingent Expenses of the Senate, approved by the President of the Senate, as the case may be, shall be sufficient authority to the Comptroller to issue warrants upon the State of Texas for the payment of accounts for contingent expenses of either House, and for the payments or reimbursements of expenses necessitated by relocating State departments or agencies from space in the Capitol Building needed by the 55th Legislature."

The Legislature has regularly enacted a law making an appropriation for its contingent expenses; indeed, the 54th Legislature enacted two laws appropriating money for its Contingent Expenses which are identical laws, for our purposes here, as the present Senate Bill No. 1. Under the laws so enacted by the 54th Legislature, Acts 54th Legislature, 1955, S.B. No. 1, ch. 1, p. 1, and House Bill 967, Chapter 405, page 1096, the salaries of officers and employees who were retained during the interim between the 54th and 55th Legislatures were paid out of the Contingent Expense Fund.

Subsequent to S.B. No. 1, Acts 55th Legislature, Regular Session, Ch. 1, p. 1, each House of the Legislature enacted a Resolution clarifying same and stating several payments that are to be made out of the Contingent Expense Fund. These Resolutions, and parts thereof, are as follows:

Senate Resolution 596, Senate Journal, May 23, 1957, page 1624:

"The Chairman of the Senate Committee on Contingent Expenses is hereby authorized and directed to cause the Senate Chamber to be placed in order and . . . He shall also examine records and accounts . . . , and he shall be entitled to receive his actual and necessary expenses incurred while in the performance of such duties during the interim.

". . .

". . . all salaries herein authorized to be incurred and paid for shall be paid out of

the per diem and contingent expense fund of
the Fifty-fifth Legislature. . . . All war-
rants for the payment of materials, supplies
and expenses of the Senate shall be paid upon
warrants signed by the Lieutenant Governor and
Chairman of the Senate Committee on Contingent
Expenses; . . .

". . . the Lieutenant Governor and the
Chairman of the Senate Committee on Contingent
Expense shall have authority to employ such
additional personnel as may from time to time
be required and to purchase such supplies and
to make all such repairs and improvements as
are necessary between the adjournment of this
session and the convening of the next session
of the Legislature; . . ."

House Simple Resolution 479, House Journal, May 17,
1957, page 3144:

". . . the House Rules Committee of the
House be hereby authorized to assign these
officers and employees . . . to restore the
furnishings and equipment of the House to
good condition; . . .

". . . the Rules Committee of the House
is hereby authorized and empowered to name
such interim employees as in their judgment
they deem necessary to carry on any interim
business of the House which may arise, . . .
and to keep in a clean and orderly condition
the Hall of the House of Representatives, the
Committee Rooms on the first, second and third
floors, and the Speaker's Office and Apartment,
. . .

". . . each officer or employee retained
under authority of this resolution shall receive
the salary . . . , to be paid out of any sum
appropriated for the Contingent Expenses Fund of
the Regular Session of the Fifty-fifth Legis-
lature, the amount to be paid by vouchers or
warrants to be signed by the Speaker of the
House and the Chairman or Vice-Chairman of the
Committee on Contingent Expenses; . . ."

The courts have long recognized the right of the Legislature to express its will by resolutions. In Conley v. Texas Division of United Daughters of the Confederacy, 164 S.W. 24 (Civ. App. 1913, error ref.),the court stated:

> ". . . While there is a marked distinction between a law and a resolution, yet our Constitution clearly recognizes the right of the Legislature to express its will by resolutions, and in the passage thereof the same rules, provisions, and limitations shall apply thereto, except as to the caption and enacting clause.
>
> "The chief distinction between a resolution and a law seems to be that the former is used whenever the legislative body passing it wishes to merely express an opinion as to some given matter or thing, and is only to have a temporary effect on such particular thing; while by the latter it is intended to permanently direct and control matters applying to persons or things in general. . . ."

When the Legislature directs by resolution that some particular thing be accomplished, those so affected by the resolution are bound to honor same as if the resolution were in fact a statute.

It is our opinion that S.R. 596 and H.S.R. 479, supra, in the plain and unambiguous language contained therein, evidence the clear intent of the 55th Legislature that janitorial salaries and supplies, and other expenses necessary to control and maintain legislative halls, chambers and committee rooms of the State Capitol building during the recess of the Legislature, and the monies which must necessarily be expended in order to prepare said quarters for the use of the Legislature are to be paid out of the Contingent Expense Fund created by S.B. No. 1, supra.

The Supreme Court, in Terrell v. King, 118 Tex. 237, 14 S.W. 2d 786, 792 (1929), said:

> "It is manifest that certain expenditures must be made by the state, in the way of legislative expenses, or the grant of legislative power could never be effectually exercised. No one would question legislative disbursements for comfortable assembly halls and committee rooms, . . ." (Emphasis added)

This department, in Attorney General's Opinion O-3778 (1941), stated:

". . . Legislative expense is that incident to the workings of the Legislature as an actual law-making body, as a whole, as the Legislature itself; when in session; through a special committee delegated by the Legislature while in session to work on a legislative matter while in session; through personnel employed to close matters after adjournment; or through employees maintained between sessions for the care of the legislative halls; or for maintenance of a central office or clearing house for legislative matters between sessions. These expenses are for the mutual benefit of all members - for the Legislature itself." (Emphasis added)

In Opinion O-3778 (1941) it was held that "legislative" expenses, as distinguished therein from "personal" expenses, were legitimate expenses and payable out of the Contingent Expense Fund. This office has, upon several occasions, held that "legislative" expenses are properly payable out of the Contingent Expense Fund. Attorney General's Opinions No. MS-43 (1953), WW-131 (1957), WW-148 (1957) and WW-177 (1957).

Accordingly, you are advised that funds appropriated for contingent expenses of the Legislature can be expended for janitorial salaries and supplies, and other expenses necessary to control and maintain legislative halls, chambers and committee rooms of the State Capitol building during the recess of the Legislature.

You are advised that during the interim between legislative sessions, funds appropriated for contingent expenses of the Legislature can be expended to prepare the legislative halls, chambers and committee rooms of the State Capitol building for the use of the Legislature.

In answer to question No. 3, it is our opinion that Article 667, Vernon's Civil Statutes, does not preclude the Legislature from expending funds from the Legislative Contingent Expense Fund during the interim between legislative sessions for janitorial salaries and supplies and other expenses necessary to control and maintain the legislative halls, chambers and committee rooms of the State Capitol building.

You are advised that Article 667, Vernon's Civil Statutes, does not preclude the Legislature from expending funds from the legislative Contingent Expense Fund during the interim between legislative sessions to prepare the legislative halls, chambers and committee rooms of the State Capitol building for the use of the Legislature.

## SUMMARY

Funds appropriated for contingent expenses of the Legislature can be expended for janitorial salaries and supplies, and other expenses necessary to control and maintain legislative halls, chambers and committee rooms of the State Capitol Building, to prepare the legislative halls, chambers and committee rooms of the State Capitol Building for the use of the Legislature, during the interim between legislative sessions; Article 667,V.C.S., does not preclude the Legislature from expending funds from the Contingent Expense Fund for such purposes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Marvin R. Thomas, Jr.
Assistant

MRT:zt:pf

APPROVED:

OPINION COMMITTEE

By: Geo. P. Blackburn, Chairman

Ralph R. Rash
Wm. R. Hemphill
Lonny F. Zwiener

REVIEWED FOR THE ATTORNEY GENERAL

By: James N. Ludlum